UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRAVIS L. WARE, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 1:08CV5 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Travis L. Ware's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 11, 2008. (Doc. No. 1). The matter is fully briefed and ready for disposition.

**BACKGROUND**

On June 26, 2007, Movant Travis L. Ware ("Movant" or "Defendant") plead guilty to three counts of knowingly and intentionally distributing five grams or more of a substance containing cocaine base, in violation of Title 21, United States Code, Section 841(a)(1). The Plea Agreement recommended a base offense level of 28. The Plea Agreement also recommended a full three level decrease if Movant accepted responsibility for his conduct under Section 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G."). The parties thus estimated a Total Offense Level of 25, unless Movant qualified as a career offender, in which case his Total Offense Level would be higher. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report. Pursuant to the plea agreement, Movant waived his post-conviction rights, including both his appeal rights and his habeas corpus rights.

On August 13, 2007, the Court sentenced Movant to 84 months imprisonment, followed by a four year term of supervised release. Movant did not appeal his conviction or sentence.[1] As the Court construes the instant motion, filed January 11, 2008[2], Movant alleges the following three grounds for relief:

(1) That Movant's guilty plea was entered "falsely";

(2) That Movant received ineffective assistance of counsel, in that trial counsel was "inadequate"; and

(3) That Movant received ineffective assistance of counsel, in that trial counsel acted under a conflict of interest.

(§2255 Motion, P. 6).

## **STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. §2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. §2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results

---

[1] Movant did file a Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c), asking that his sentence be reduced because the retroactive amendment to the crack cocaine guideline reduced his base offense level. (Cause No. 1:07CR14 JCH, Doc. No. 45). This Court granted Movant's motion on August 20, 2008, and reduced Movant's sentence to 70 months imprisonment. (Id., Doc. No. 47).

[2] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). As stated above, Movant entered a guilty plea on June 26, 2007, and was sentenced on August 13, 2007. The present motion, filed January 11, 2008, thus is within the 1-year limitation period pursuant to § 2255.

in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[3]

The Court must hold an evidentiary hearing to consider claims in a §2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. §2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Ground 1

As stated above, in Ground 1 of his §2255 Motion, Movant alleges his guilty plea was entered "falsely." (§2255 Motion, P. 6). Specifically, Movant claims, "All charges I plead to were not my charges. If guilty of anything maybe a state charge one count." (Id.).

During the guilty plea proceeding, the District Court questioned Movant extensively regarding his decision to plead guilty, as follows:

| | |
|---|---|
| THE COURT: | Now, Mr. Ware, have you received a copy of the indictment or the charges against you? |
| MOVANT: | Yes, ma'am, I have. |
| THE COURT: | And have you had an opportunity to review and discuss those charges with Mr. Humphrey (Movant's attorney)? |

---

[3] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

- 3 -

| | |
|---|---|
| MOVANT: | Yes, ma'am. |
| THE COURT: | Do you have any question about any of the charges? |
| MOVANT: | No.... |
| THE COURT: | Now, I have received a document entitled Plea Agreement, Guidelines Recommendations, and Stipulations. This is a 17-page document, and I have the original here in front of me. Do you have a copy there in front of you, Mr. Ware? |
| MOVANT: | Yes, ma'am, I do. |
| THE COURT: | Okay. Turning to the last page, page 17, is that your signature, the middle signature on page 17? |
| MOVANT: | Yes, it is. |
| THE COURT: | And did you sign that this morning? |
| MOVANT: | Yes, I did.... |
| THE COURT: | Now, Mr. Ware, have you had an opportunity to review and discuss the provisions of this document with Mr. Humphrey? |
| MOVANT: | I have. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| MOVANT: | Yes, yes, Your Honor, I am. |
| THE COURT: | Is there anything in this document with which you disagree? |
| MOVANT: | No, ma'am. |
| THE COURT: | Do you have any questions about any provision of this document? |
| MOVANT: | No, Your Honor. |
| THE COURT: | Now, has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty today? |
| MOVANT: | No. |

| | | |
|---|---|---|
| THE COURT: | | Has anyone tried to force or coerce you into pleading guilty? |
| MOVANT: | | No, ma'am. |
| THE COURT: | | Are you doing this of your own free will? |
| MOVANT: | | Yes, I am. |

(Change of Plea Hearing Transcript, Cause No. 1:07CR14 JCH, Doc. No. 40, PP. 4-6). The Court further questioned Movant as to his understanding of the possible penalties associated with his plea of guilty. (Id., PP. 6-11). Mr. Hahn[4] then stated the relevant facts in Movant's case were as follows:

> As indicated on page 10 of the plea stipulation, in paragraph four entitled "Stipulation of Facts Relative to Sentencing," as charged in Count I of the indictment, on March 2nd, 2006, an undercover officer purchased a quantity of crack cocaine, otherwise known as cocaine base, from Defendant Travis Ware in Steele, Missouri, which is located in Pemiscot County, Eastern District of Missouri. Mr. Ware knew the substance he intentionally transferred to the undercover officer for $300 was cocaine base, and chemical lab analysis performed by the Southeast Missouri Regional Crime Laboratory determined that the substance purchased by the undercover officer from Defendant Travis Ware on March 2nd, 2006, was 6.02 grams of cocaine base.
>
> As charged in Count II of the indictment, on April 11th, 2006, an undercover officer purchased a quantity of crack cocaine from Defendant Travis Ware in Steele, Missouri, again, located in Pemiscot County, Eastern District of Missouri. Mr. Ware knew the substance he intentionally transferred to the undercover officer for $400 was cocaine base. Lab analysis determined that the substance purchased by the officer from Defendant Ware on April 11th, 2006, was 6.09 grams of cocaine base.
>
> Then on April 25th, 2006, as charged in Count III of the indictment, an undercover officer again purchased a quantity of crack cocaine from Defendant Travis Ware in Steele, Missouri, here again in the Eastern District of Missouri. Mr. Ware knew the substance he intentionally transferred to the undercover officer for $420 was cocaine base. Lab analysis revealed that the substance purchased by the undercover officer from Mr. Ware on April 25th, 2006, was 9.53 grams of cocaine base.

---

[4] Paul Hahn was the Assistant United States Attorney assigned to Movant's case.

(Id., PP. 11-12). Movant then testified under oath that he agreed with everything Mr. Hahn had stated, and that he had committed the acts as described by Mr. Hahn and in the stipulation. (Id., P. 12). Based on Movant's representations during his change of plea proceeding, the Court held as follows:

> It is the finding of the Court in the case of United States versus Ware that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses in Counts I, II, and III. The plea to Counts I, II, and III is therefore accepted, and the Defendant is now adjudged guilty of those offenses.

(Id., P. 13).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court finds that Movant's own testimony demonstrates he acknowledged his role in the offenses, and plead guilty because he was in fact guilty. Thus, there existed a factual basis to accept the plea, and Movant's first ground for relief must be denied.

## II. Ineffective Assistance Of Counsel Claims

### A. Standard For Claim Of Ineffective Assistance Of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption,

Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

### B. Ground 2

In Ground 2 of his §2255 Motion, Movant alleges he was denied effective assistance of counsel in violation of the Sixth Amendment. (§2255 Motion, P. 6). In support of this allegation, Movant asserts only that his counsel was "inadequate," and that, absent this alleged inadequacy, the outcome of his proceeding would have been different. (Id.).

Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient, as Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged errors, he would have insisted on proceeding to trial. Instead, the Court notes that prior to pleading guilty, Movant testified as follows with respect to his satisfaction with counsel:

| | |
|---|---|
| THE COURT: | Are you satisfied with the representation that you have received from Mr. Humphrey in this case? |
| MOVANT: | Very. |

| | | |
|---|---|---|
| THE COURT: | | Do you have any complaints whatsoever about his representation of you? |
| MOVANT: | | No, ma'am. |

(Change of Plea Transcript, P. 4). As noted above, Movant continued to testify under oath that he understood the charges against him, and that he was pleading guilty because he was in fact guilty. (Id., PP. 4-13).

After Movant plead guilty, the Probation Office prepared a Presentence Investigation Report. Movant filed no objections to the Report. (Cause No. 1:07CR14 JCH, Doc. No. 28). He then reiterated his satisfaction with counsel during his sentencing hearing, testifying under oath that he was, "grateful for [his] attorney's efforts." (Sentencing Hearing Transcript, Cause No. 1:07CR14 JCH, Doc. No. 41, P. 3).

As stated above, the Eighth Circuit has held that, "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d at 157 (internal quotations and citation omitted). This Court thus finds Movant's own testimony demonstrates that his attorney's performance was constitutionally adequate, and that his attorney committed no errors absent which Movant would have insisted on proceeding to trial. Movant's second ground for relief must therefore be denied.

### C.  Ground 3

In Ground 3 of his §2255 Motion, Movant alleges he received ineffective assistance of counsel, in that his trial counsel acted under a conflict of interest. (§2255 Motion, P. 6). As support for this contention, Movant asserts only that it was his wish to go to trial. (Id.). Upon consideration, the Court finds that with this bare allegation, Movant fails to demonstrate that his counsel's performance was constitutionally deficient, or that Mr. Humphrey acted under a conflict of interest. Ground 3 of Movant's §2255 Motion must therefore be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 17th day of November, 2008.

                                            /s/ Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE